```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                          PARKERSBURG

JERI WAGNER,
DANIEL LEE BROWN,
CORNELIUS TUCKER, and
J. ORWIN,

         Plaintiffs,

v.                                    Case No. 6:06-cv-00943

ELISHA WHIPKEY, Dir. , BPD Admin.,
SUSAN KLIMAS, Advisor, BPD New Treasury Direct Progam,
DARRELL HARPER, BPD Mgr., Bonds and Funds Payments,
Accrual Services Customer Rep.,
DEAN ADAMS, Assist. Chief BPD Advisor,
GARY BRADLEY, BPD Chief Advisor, Securities Section/Accrual,

         Defendants.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On November 6, 2006, Plaintiffs Jeri Wagner, Daniel Lee Brown, Cornelius Tucker, and J. Orwin[1] filed a "Request/Petition Representer Authorization for Class Action Lawsuit on the Merits in the Interest of Justice and F.O.I.A./PA Vaughn Motion Index Justification Order" (docket sheet document # 4) and Applications/Motions to Proceed in forma pauper on behalf of Jeri Wagner, Daniel Brown and Cornelius Tucker (## 1, 2 and 3). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United

---

[1] All of the documents filed in this matter appear to be drafted in the same handwriting as all of Mr. Tucker's previous complaints filed in this court and the signatures of each of the plaintiffs appear to be in that same handwriting.

States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the court is required to screen each case in which a prisoner requests <u>in forma pauperis</u> status and seeks redress from a governmental entity, officer, or employee. On screening, the court must recommend dismissal of the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

A claim is "malicious" when it contains allegations which the plaintiff or petitioner knows to be false, it is part of a longstanding pattern of abusive and repetitive lawsuits, or it contains disrespectful or abusive language. <u>See</u> <u>In re Tyler</u>, 839 F.2d 1290, 1293 (8th Cir. 1988); <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309 (D.C. Cir. 1981); <u>Phillips v. Carey</u>, 638 F.2d 207 (10th Cir. 1981). Thus, a claim is malicious if it is repetitive or evidences an intent to vex the defendant(s) or abuse the judicial process by re-litigating claims decided in prior cases.

A complaint fails to state a claim upon which relief can be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Veney v. Wyche, 293 F.3d 726 (4th Cir. 2002) (section 1983 complaint dismissed under 28 U.S.C. § 1915 for failure to state a claim upon which relief could be granted). However, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

## ANALYSIS

There are numerous problems with the documents filed by the plaintiffs. First, to the extent that the plaintiffs are attempting to bring this suit as a class action, they cannot. It is well-settled that a pro se individual or individuals cannot represent a class. Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975). In Oxendine, the Fourth Circuit stated, "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." Id. at 1407. Moreover, there is no right to appointment of counsel in a civil matter such as this. See, *e.g.*, Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). Accordingly, the undersigned proposes that the presiding District Judge **DENY** the plaintiffs' "Request/Petition for

Authorization to File a Class Action Lawsuit" (# 4).

To the extent that the plaintiffs are attempting to file a complaint only on their own behalf under the Federal Tort Claims Act, a brief review of the present Complaint indicates that the plaintiffs are again raising claims concerning the alleged denial of United States Savings Bonds.  These claims were exhaustively addressed in Mr. Tucker's previous lawsuits, all of which have all been dismissed as being frivolous or for failure to state a claim.

After the filing of Mr. Tucker's tenth frivolous lawsuit, the undersigned proposed that the presiding District Judge enjoin Mr. Tucker from filing any further pro se claims concerning the alleged denial of his United States Savings Bonds, without first obtaining permission to file from the presiding District Judge.  (Tucker v. U.S. Government Entities et al., Case No. 6:06-cv-00658 (S.D. W. Va., Sept. 6, 2006)(Goodwin, J.).  Upon review of the instant Complaint, it appears that Mr. Tucker has drafted the document and included the other named plaintiffs in an attempt to avoid the proposed injunction.

Mr. Tucker has repeatedly and unsuccessfully claimed that employees of the Bureau of Public Debt are either intentionally or negligently depriving Mr. Tucker of his United States Savings Bonds.  This claim lacks any arguable basis in law or in fact, and it is clear that the plaintiffs can prove no set of facts which would entitle them to relief against the defendants named herein.

Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's present Complaint is frivolous and fails to state a claim upon which relief can be granted.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action under 28 U.S.C. § 1915A as being frivolous and for failure to state a claim and **DENY AS MOOT** the plaintiffs' Motion for Vaughn Index and F.O.I.A./P.A. Request that is incorporated in document # 4.

Additionally, it is respectfully **RECOMMENDED** that, in light of Plaintiff's repetitive and abusive filings, the presiding District Judge enjoin Plaintiff from filing any further pro se claims in any division of this United States District Court concerning the alleged denial of his United States Savings Bonds, without first obtaining permission from the presiding District Judge.

### PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS

Title 28, United States Code, section 1915(g) further provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought on action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Commonly known as the "three strikes" rule of the Prison Litigation Reform Act of 1995, the statute abrogates

prisoners' entitlement to bring civil actions <u>in forma pauperis</u> after having three or more prior actions dismissed as being frivolous, malicious, or for failure to state a claim. It does not, however, prohibit such prisoner from proceeding with the civil action after paying the required filing fee in full.

This is the twelfth lawsuit filed by Plaintiff Cornelius Tucker in this United States District Court since May of 2005. All of the cases filed by Mr. Tucker concern the same subject matter – the alleged deprivation of United States Savings Bonds. At least seven of Mr. Tucker's cases have been dismissed as being frivolous and for failure to state a claim. Mr. Tucker has not adequately alleged that he is under imminent danger of serious physical harm, and, as stated above, it appears that Mr. Tucker has included the other plaintiffs in this action solely as an attempt to circumvent the injunction that has been entered against him for frivolous filings.

Accordingly, under 28 U.S.C. § 1915(g), the undersigned proposes that the presiding District Judge **FIND** that the plaintiffs cannot proceed <u>in forma pauperis</u>. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiffs' Application to Proceed Without Prepayment of Fees (## 1-1, 2 and 3). In light of the recommended dismissal of Plaintiff's Complaint, however, it is further respectfully **RECOMMENDED** that Plaintiffs not be required to pay the $350 filing fee.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiffs and Assistant United States Attorney Stephen M. Horn.

    November 28, 2006                       *Mary E. Stanley*
         Date                                 Mary E. Stanley
                                                 United States Magistrate Judge